UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Lance Adam Goldman,<br>    Petitioner,<br><br>-v-<br><br>Joseph Barrett,<br>    Respondent. | No. 1:17-cv-506<br><br>HONORABLE PAUL L. MALONEY |

# OPINION

On June 5, 2017, Petitioner Lance Adam Goldman filed a petition under 28 U.S.C. § 2254 seeking relief from a state conviction. (ECF No. 1.) The State of Michigan, through Barrett, filed its response on January 2, 2018. (ECF No. 14.) After receiving the State's response, Goldman filed a slew of motions, briefs, and other documents. (ECF Nos. 17, 18, 19, 20, 21, 22, 23, 24). The Court granted one such motion—to clarify and supplement his claims—and denied his motions for subpoenas, discovery, bond, an evidentiary hearing, and oral argument. (ECF No. 25.) The magistrate judge then issued an R & R on February 5, 2018, recommending that the petition be denied. (ECF No. 26.)

The matter is now before the Court for de novo review of Goldman's timely objections to the R & R. (ECF No. 27.)

## Findings of Fact

Goldman's objections rest at the intersection of law and fact. For example, he asserts, "the Magistrate's findings and statements in the Report and Recommendation that I pled guilty to one count of conspiracy . . . is [sic] unfounded." (ECF No. 27 at PageID.1631.)

However, he does not really contest that he pleaded guilty; he contests the validity of his plea—a legal challenge. The Court does not find that any of the factual findings in the magistrate judge's R & R are clearly erroneous. Thus, the Court **ADOPTS** the magistrate judge's findings of fact and will turn to Goldman's legal objections.

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Discussion

Petitioner raises five numbered objections, largely arguing that the magistrate judge did not consider all of his arguments:

I. The magistrate judge failed to consider Goldman's claim that he was unaware he was pleading guilty to a conspiracy charge

II. The magistrate judge failed to consider Goldman's claim that the Michigan crime of False Pretense was unconstitutional

III. The magistrate judge failed to consider Goldman's claim that his right to represent himself was violated

IV. The magistrate judge did not consider how the presentence report was "full of lies"

V. The magistrate judge erred by not considering whether Goldman's knowledge of the criminal conduct was charged and admitted

Goldman also asserts in his conclusion that the "magistrate failed to consider . . . my claims of ineffective assistance of appellate counsel on first–tier appeal." (ECF No. 27 at PageID.1644.)

### I. Knowing and Voluntary Plea

Goldman first asserts that "[t]he magistrate failed to consider [his] claim that [he] was erroneously led to believe that counts one and three were two counts of false pretense." (ECF No. 27 at PageID. 1627.) Instead, Count I charged Goldman with false pretense, and Count III charged him with conspiracy to obtain money by use of a false pretense.

However, contrary to Goldman's assertion, the magistrate judge did consider this argument. The magistrate judge noted that Goldman had "introduced a new challenge to the voluntary nature of his plea: he claims he did not know he was pleading to conspiracy, believing instead that he was pleading to two counts of false pretense." (ECF No. 26 at

PageID.1606.) The magistrate judge concluded that Goldman did have notice of the conspiracy charge against him, citing a portion of the transcript from his preliminary exam where the district judge explained the elements of a conspiracy and read the Michigan jury instruction on conspiracy to Goldman. (ECF No. 26 at PageID.1611–14; ECF No. 15-2 atPageID.421–22.)

At the plea hearing, Goldman admitted to participating in conduct that violated the false pretense statute. (ECF No. 15-3 at PageID.431.) The prosecutor then reminded the judge that the other count was for a conspiracy. (*Id.*) The judge then covered the elements of a conspiracy with Goldman, and Goldman acknowledged that he had conspired, combined, or confederated or agreed with Rosanna Dickenson to commit the false pretense offense. (*Id.*)

Thus, the magistrate judge found Goldman's assertion that he "did not know" Count III was a conspiracy charge to be "entirely disingenuous." (ECF No. 26 at PageID.1612 n.8.) The Court agrees. The record shows that Goldman received constitutionally adequate notice of the charges against him, and entered a knowing and voluntary plea of guilty to both Count I and Count III. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984); *Brady v. United States*, 397 U.S. 742, 749 (1970); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993). Accordingly, this objection will be overruled.

## II. Michigan's False Pretense Statute

Goldman next claims that the magistrate judge did not consider his argument that the Michigan false pretense statute, M.C.L. § 750.218, is unconstitutional. As support, he refers to *Williams v. United States*. 458 U.S. 279 (1982). In *Williams*, the United States Supreme

4

Court construed 18 U.S.C. § 1014, which made it a federal crime to "knowingly mak[e] any false statement or report," or "willfully overvalu[e] any land, property, or security," for purpose of influencing the action of financial institutions through application, advance, commitment or loan. *Id.* at 282. There, the defendant/petitioner had engaged in essentially the same conduct as Goldman (knowingly drawing checks that exceeded the account balance) and was convicted in federal district court in Louisiana under the federal statute. *Id.* at 281–82. The Fifth Circuit Court of Appeals affirmed. *Id.*

However, the Supreme Court concluded that the petitioner's actions did not involve "making a false statement" because, "[t]echnically speaking, a check is not a factual assertion at all and therefore cannot be characterized as true or false." *Id.* at 286. Thus, the Supreme Court reversed and remanded after concluding that the petitioner's conduct had not come within the scope of the federal crime. *Id.*

Goldman also draws on Michigan state law, discussing *People v. Peach*, 174 Mich. App. 419 (1989). There, the Michigan Court of Appeals considered whether a person should be charged under Michigan's statute for "drawing a no-account check" or under "false pretense," M.C. L. § 750.218, for similar conduct as discussed in *Williams* and as committed by Goldman.

The *Peach* court concluded that the prosecutor had discretion to charge either the general (false pretense) or specific (no-account check) crime. *Id.* at 424. Thus, it affirmed the defendant's conviction for false pretense.

In *Peach*, the defendant also raised *Williams,* as Goldman does here, to argue that knowingly using a bad check is not a false statement. That court concluded that Michigan's

5

false pretense statute was broader than its federal equivalent, so *Williams* was not relevant to the issue raised. *Id.* at 423–24. The Michigan Supreme Court denied leave to appeal. 433 Mich. 902 (1989).

Thus, the Michigan courts have already considered a challenge identical to Goldman's claim and rejected it. *Williams* is irrelevant to the case at bar because it construed only the federal statute, which covers less conduct than Michigan's version. *Peach*, 174 Mich. App. at 424.

It is the prerogative of the states to define elements of state crimes, and the federal courts are bound by their determination. *See Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law . . . .") Here, like in *Johnson,* the Court is bound by the Michigan courts' determination as to the Michigan false pretense statute. Thus, Goldman has not raised a legitimate constitutional claim relating to the statute for habeas review under 28 U.S.C. § 2254(d). Goldman's second objection will be overruled.

### III. Right to Self-Representation

Goldman also objects that the magistrate judge did not consider his claim that his right to self-representation was violated when a motion he filed was denied because it did not comply with Michigan Court Rule 2.114. (ECF No. 27 at PageID.1637–38.) Goldman raised the issue in his "Response" to the State's Answer, (ECF No. 17 at PageID.1446–48.)

He asserts that the circuit court judge rejected his written motion to withdraw his plea because it failed to comport with MCR 2.114. Thus, he assumes that the motions were rejected without filing because he had counsel, and his counsel had not signed the motions.

After review, it is entirely unclear why the state circuit court rejected Goldman's pleadings. But, it is not the province of a federal habeas court to review the application of Michigan Court Rules. In other words, "[a]n inquiry into whether a state has followed its own law or rule "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, this objection will be overruled.

## IV. Presentence Report Falsehoods

Goldman next objects that he filed a copy of the PSI that contained notations documenting the alleged lies contained within the presentence report, which he asserts the magistrate judge did not consider. (ECF No. 27 at PageID.1639.) However, the magistrate judge concluded that Goldman had not succeeded in *demonstrating* that any of the facts found by the Court at sentencing were either materially false or based on false information. (ECF No. 26 at PageID.1621.) Thus, the magistrate judge held that Goldman had failed to show that his sentence violated due process. (*Id.*)

This remains unchanged, even assuming the magistrate judge did not consider Goldman's edited version of the PSI; simply writing "LIE!" and underlining and drawing arrows to various statements made in the PSI falls well short of demonstrating either that the information was relied on by the sentencing court or that it was materially false. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011).

In any event, Goldman waived his objections to alleged inaccuracies in the presentence report when he stated under oath that he did not have any additions, deletions, or corrections to it. (ECF No. 15-6 at PageID.482–83.) His counsel also averred that the report was accurate. (*Id.*) Thus, this objection will be overruled.

## V. Knowledge as an Element of False Pretense

Finally, Goldman argues that he was "insufficiently charged, it was never charged that [he] 'knew' the false pretense" or that he "knew" the checks were drawn on a closed account. (ECF No. 27 at PageID.1643.) He asserts that he did not receive notice that "the conduct he admitted at the plea hearing would violate any law." *Id.* This objection is entirely derivative of Goldman's first objection. As the Court has already discussed, the record is clear that Goldman received adequate notice of the charges against him at the preliminary examination, including the mens rea required for conviction, so he has not presented an actionable claim that his federal right to due process was violated. This objection is overruled.

## VI. Ineffective Assistance of Appellate Counsel

In addition to the five numbered objections, Goldman states—in a heading labeled "Conclusion"—that the magistrate judge failed to consider his claims that he received ineffective appellate counsel. The Court overrules this conclusory assertion, made without any support or citation to the record where he actually raised the claim for the magistrate to consider.

## Conclusion

In short, Goldman has presented no claim for which he is entitled to habeas corpus relief. The Court will overrule Goldman's Objections and adopt the R & R as the Opinion of the Court.

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Goldman's claims under the standard in *Slack*, a reasonable jurist would not conclude the Court's assessment of each of the claims to be debatable or wrong,

particularly in light of the AEDPA deference owed to the Michigan courts. Accordingly, Goldman's certificate of appealability is **DENIED**.

## ORDER

For the reasons discussed in the accompanying opinion: Goldman's objections are **OVERRULED** (ECF No. 27); the magistrate judge's report and recommendation is **ADOPTED** as the Opinion of the Court (ECF No. 26); Petitioner's petition is **DENIED** (ECF No. 1); and a certificate of appealability is **DENIED**. Judgment will enter separately.

**IT IS SO ORDERED.**

<u>**Date:**</u> <u>May 30, 2018</u>　　　　　　　　　　　　　　　　　<u>/s/ Paul L. Maloney</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge